UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MARY NAJAR,**
          **Plaintiff,**

**vs.**                                **No. CIV 05-0831 RB/LCS**

**BOARD OF EDUCATION OF
THE RESERVE SCHOOL DISTRICT,**
          **Defendant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Plaintiff's motion to strike attorney's charging lien, filed August 27, 2006. (Doc 38.) The United States Magistrate Judge, having considered the motion, the briefs, the record, relevant law, arguments of counsel, and being otherwise fully advised, finds that Plaintiff's motion is well-taken and should be **GRANTED**.

    **I.**    **PROPOSED FINDINGS OF FACT**

1.    Plaintiff filed a complaint for age discrimination on August 1, 2005. (Doc. 1.) Other than filing consent to proceed before a United States Magistrate Judge, the case did not move forward for several months. (*See* Doc. 2.) Consequently, on December 14, 2005, United States Magistrate Judge Lourdes A. Martinez entered an Order to Show Cause, directing Plaintiff to effect service or show cause for the failure to prosecute no later than January 10, 2006. (Doc. 3.) Plaintiff served Defendant before the deadline. (*See* Doc. 4.)

2.    The parties participated in a Telephonic Rule 16 Scheduling Conference on February 28, 2006. (Doc. 13.) During that conference, counsel for the parties agreed to set a settlement conference in Reserve, New Mexico on April 13, 2006. (*See* Docs. 13, 14.) In the order setting the settlement conference, the parties were put on notice that Judge Smith required

each side to submit a settlement letter to the Court, to be delivered "no later than seven days before the settlement conference." (Doc. 14 at 2.)  Notwithstanding the allegations in his brief, Mr. Montoya failed to submit a settlement letter prior to the conference, causing the Court to cancel the settlement conference. (*See* Docs. 30, 42 at 8.)

3. Not only did Mr. Montoya neglect to conduct any discovery on behalf of his client, but he also failed to properly respond to discovery requests from Defendant. (*See* Docs. 21, 38 at 3, 42 at 9.)  This resulted in a stipulated order, which directed Plaintiff to respond to the discovery requests. (Doc. 26.)

4. Defendant filed a motion for partial summary judgment on May 1, 2006. (Doc. 25.)  Mr. Montoya admits that "it appeared that partial summary judgment was appropriate." (Doc. 42 at 8.)  But rather than give opposing counsel or this Court the courtesy of notice of the fact that he did not oppose the motion, Mr. Montoya instead chose simply not to respond, thereby potentially causing the Court to expend unnecessary resources in deciding an unopposed motion. (*See* Docs. 28, 42 at 8-9.)

5. Mr. Montoya has already received $6,259.75 from Ms. Najar in this matter. (Doc. 38, Ex. 1 at ¶ 12.)  Mr. Montoya requests additional money from Ms. Najar's settlement, but has not provided this Court with either an itemized bill of his expenses or an accounting of what he has received so far. (*See* Docs. 36, 42.)

6. Mr. Montoya and Ms. Najar agreed, in the Representation Agreement they signed, that "any and all disputes as to the representation will be subjected to mandatory arbitration . . . ." (*See* Doc. 39 at 7.)  No demand for arbitration has been made.

## II. RECOMMENDED DISPOSITION

7. By filing notice of an attorney's charging lien in federal court, Mr. Montoya has removed this particular dispute from the requirements of the arbitration provision in the Representation Agreement.

8. Because of the fact that Mr. Montoya has already been paid $6,259.75 by Ms. Najar for his work in this matter, and because he did not provide this Court with an itemized bill or an accounting of the money he has received, and because he chose not to submit a timely settlement letter, conduct discovery, or respond to Defendant's motion for partial summary judgment, Mr. Montoya should not be paid anything further in this case.

9. I am, however, not recommending that Mr. Montoya pay anything back to Ms. Najar from what he has already been paid, because Ms. Najar has not asked for a refund.

10. Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Boulevard N.W., Albuquerque, NM 87102. A party must file objections within the ten day period if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**